IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-67-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| O'BRIEN SHAQUILLE HOOKER, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss count three of the indictment, pursuant to Federal Rule of Criminal Procedure 12(b)(1) and 12(b)(3) (DE 24). The government has responded in opposition. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is denied.

## BACKGROUND

Indictment filed April 27, 2016, charges defendant and a co-defendant with one count of conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951 (count one); one count of Hobbs Act robbery under § 1951 (count two); and one count of using and carrying a firearm in relation to a crime of violence under 18 U.S.C. § 924(c) (count three). Defendant moves to dismiss count three, on the basis that the Hobbs Act robbery named as predicate crime for purposes of this count in the indictment does not qualify as crimes of violence under 18 U.S.C. § 924(c)(3), particularly in light of the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).

## COURT'S DISCUSSION

Under 18 U.S.C. § 924(c), as pertinent here, "any person who, during and in relation to any crime of violence . . . uses or carries a firearm," is subject to a sentence to a term of imprisonment

of not less than 7 years if the firearm is brandished. 18 U.S.C. § 924(c)(1)(A) (emphasis added). For purposes of this subsection the term "crime of violence" means an offense that is a felony and –

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The government argues that the motion is foreclosed by the court's prior decision in United States v. Godard, No. 4:16-CR-30-FL-1, 2017 WL 280703 (E.D.N.C. Jan. 20, 2017), where the court held that Hobbs Act robbery as charged in the instant indictment qualifies as a crime of violence under both subsection (A) and (B) of 18 U.S.C. § 924(c)(3). The court agrees.

As a preliminary matter, the court notes that, prior to Johnson, the law in this circuit effectively was settled that Hobbs Act robbery constituted a predicate crime of violence for purposes of § 924(c)(3). See, e.g., United States v. Phan, 121 F.3d 149, 152–53 & n.7 (4th Cir. 1997) (conspiracy to committ Hobbs Act robbery); see also United States v. Blackman, 746 F.3d 137, 139 (4th Cir. 2014) (affirming conviction for brandishing a firearm during and in relation to a crime of violence based on Hobbs Act robbery, with issue not raised); United States v. Tillery, 702 F.3d 170, 172 (4th Cir. 2012) (same).

Defendant now raises the issue whether the reasoning in Johnson, which held unconstitutional the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), see 135 S.Ct. at 2556-2560, should apply also to render unconstitutional subsection (B) in 18 U.S.C. § 924(c)(3). The court is unconvinced, given significant differences between the text of the residual clause of the ACCA and § 924(c)(3)(B). The court recognizes that

2

the Fourth Circuit has not addressed the question and that there exists a split among other circuits addressing the viability of § 924(c)(3)(B) and the similarly-worded 18 U.S.C. § 16(b). The more persuasive view, however, expressed by the Fifth Circuit recently en banc, is that Johnson did not by implication render the language in § 924(c)(3)(B) unconstitutional. See United States v. Gonzalez-Longoria, 831 F.3d 670, 675-79 (5th Cir. 2016) (en banc). Therefore, prior Fourth Circuit precedent applying §924(c)(3)(B) to Hobbs Act robbery is undisturbed by Johnson.

In addition, turning to subsection (A) of § 924(c)(3), the court notes that circuit courts addressing the question have held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A). See, e.g., United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017) ("We join our sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence."); United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017) (same); United States v. Hill, 832 F.3d 135, 140-42 (2d Cir. 2016) (holding that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)); United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016) (same); United States v. House, 825 F.3d 381, 387 (8th Cir. 2016) (same); United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993) (same); In re Chance, 831 F.3d 1335, 1337-38 (11th Cir. 2016) (same). Although the Fourth Circuit has not addressed this issue, multiple courts in this circuit and in this district have held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A). See, e.g., United States v. Hancock, 168 F. Supp. 3d 817, 824 (D. Md. 2016); United States v. McDaniels, 147 F. Supp. 3d 427, 434 (E.D. Va. 2015); Godard, 2017 WL 280703.

The court rejects defendant's argument that United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012) is controlling. As an initial matter, the holding in Torres-Miguel is not binding, given that Torres-Miguel did not address Hobbs Act robbery, but rather a prior California criminal

3

conviction for a criminal threat, and it did not address § 924(c)(3)(A), but rather U.S.S.G. § 2L1.2. See 701 F.3d at 169. Moreover, the reasoning in Torres-Miguel is not persuasive, given the reasoning of subsequent authority set forth above, addressing the scope of § 924(c)(3)(A).

In sum, Hobbs Act robbery qualifies as a predicate "crime of violence" under § 924(c)(3), supporting the charge of using and carrying a firearm in relation to a crime of violence as charged in count three of the instant indictment. Therefore, defendant's motion to dismiss such count must be denied.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 24) is DENIED.

SO ORDERED, this the 11th day of July, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge